IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GIANT MANUFACTURING COMPANY, LTD., a Taiwan corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIKEE CORPORATION, an Oregon corporation, BIGHA DEVELOPMENT, INC., an Oregon corporation, BIGHA MANUFACTURING, INC., an Oregon corporation, JOHN F. ACRES, and RICHARD CARONE,<br><br>Defendants. | Civil No. 02-6222-TC<br><br>ORDER |

COFFIN, Magistrate Judge.

Plaintiff was the prevailing party in this breach of contract case. After a court trial on plaintiff's equitable relief claims, the court awarded judgment against defendant BikeE Corporation in the amount of $370,548.76 plus interest, and further ordered defendants Acres and Carone to

1 - ORDER

transfer $254,610 to the plaintiff in partial satisfaction of the judgment against BikeE (the latter order was the result of the court finding that a payment of $254,610 by BikeE to shareholders Acres and Carone was inequitable and thus should be remitted). See Amended Judgment, March 14, 2005 (#180); Court's Findings of Fact and Conclusions of Law, February 22, 2005 (#173).

Thereafter, plaintiff submitted a motion for attorney fees of $309,604, pursuant to an attorney fee clause in the contract at issue. Defendants objected to the fee petition, primarily because plaintiff failed to segregate the actual time spent on the only claim subject to a fee award - the breach of contract claim. It should be noted that the Court granted summary judgment on the contract claim against defendant BikeE, and the claims that remained and which plaintiff pursued through trial were equitable claims of fraudulent conveyance, piercing the corporate veil, and successor liability.

Plaintiff's focus on the fraudulent conveyance and piercing the corporate veil claims was on a $1,150,000 payment which Acres and Carone had made to BikeE in connection with a purported stock purchase. Those funds were later repaid to Acres and Carone when the stock purchase was canceled and the transaction was re-classified as a loan. For reasons explained in my order of February 22, 2005, I found for the defendants on those transactions. I further found that defendant Bigha Corp. was not liable to plaintiff on BikeE's contractual obligations - i.e., that there was no successor liability.

As noted, the court did, however, order Acres and Carone to remit $254,610 to Giant, as that money had been inequitably paid to these BikeE shareholders with proceeds from Giant bicycles sold by BikeE to Bigha for which BikeE had not paid Giant.

The equitable claims pursued by Giant do not implicate an award of fees. Defendants quite correctly objected to lumping all work done on the case under the contractual claim.

Recognizing this, plaintiff has submitted an amended fee petition in which it reduced its fees substantially - to $58,076.50 for 272 hours of attorney time.

Defendants, however, continue to object to plaintiff's billing methodology, suggesting that no more than 100 hours is justified for the contract claim.

Although the amended petition is less than a model of clarity in sorting out time spent on the contractual claim from that spent on claims for which no award is authorized, I am mindful that the fee petition has been slashed significantly, and it was BikeE's breach of the contract that was the genesis of this entire litigation. There would have been no equitable claims to pursue had BikeE turned over the proceeds it received from Bigha for Giant's bicycles to Giant instead of to Acres and Carone. Accordingly, I award plaintiff the sum of $50,000 in fees and costs in the amount of $20. The fees are recoverable against defendant BikeE Corporation only.

DATED this 21 day of July, 2005.

---
Thomas M. Coffin
United States Magistrate Judge

3 - ORDER